**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Joseph Dixon,

Plaintiff,

v.

EquiCredit Corporation and
Bank of America, suing as
Bank of America Illinois,

Defendants.

Civil No. 01-1091 (PAM/SRN)

**ORDER**

---

Joseph Dixon, 1710 Fremont Ave N., Minneapolis, MN 55411, pro se Plaintiff.

EquiCredit Corporation, 10401 Deerwood Park Blvd., Second Floor, Jacksonville, FL 32256 and Bank of America Illinois, 10301 Deerwood Park Blvd., Second Floor, Jacksonville, FL 32256, Defendants.

---

The above-entitled matter is before the Court on Plaintiff's pro se Motion for Temporary Restraining Order. Plaintiff seeks to enjoin Defendants EquiCredit and Bank of America from holding a foreclosure sale on his house located at 1710 Fremont Ave N., Minneapolis, Minnesota 55411. The sale is scheduled to take place on Thursday, July 19, 2001. Because Defendants have not yet been served with notice of this Motion, Plaintiff's Motion will be treated as an ex parte motion for temporary restraining order pursuant to Fed. R. Civ. P. 65(b).

Under Rule 65(b), an ex parte motion for a temporary restraining order may be granted if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." After reviewing Plaintiff's Complaint and Motion papers, the Court is satisfied that Plaintiff faces immediate and irreparable injury and loss if a temporary restraining order is not granted immediately. As previously noted, Plaintiff's

FILED JUL 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

house is scheduled to be sold at a foreclosure auction in less than two days. Without the entry of a restraining order, Plaintiff will lose his house, and may become homeless. Absent a determination on the merits that the sale of the house is proper under the law, such an outcome would be, at best, premature.

Plaintiff is also required to "certif[y] to the court in writing the efforts, if any, which have been made to give . . . notice [to Defendants] and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). Plaintiff has been allowed to proceed *in forma pauperis* ("IFP") in this case. (*See* Doc. No. 6.) As such, the U.S. Marshals Service is responsible for serving Defendants with the Summonses, Complaint, and Plaintiff's Motion for Temporary Restraining Order. The Court has been in regular contact with the Marshals Service and is aware of the efforts, though unsuccessful, to serve Defendants with notice of this Motion. The Court therefore concludes that this second requirement has been satisfied.

Plaintiff has met the requirements for an ex parte restraining order set forth in Rule 65(b). Defendants are enjoined from proceeding with the foreclosure sale on Plaintiff's property located at 1710 Fremont Ave N., Minneapolis, Minnesota 55411. This temporary restraining order shall expire 10 days after the date of entry of this Order. *See* Fed. R. Civ. P. 65(b). Within this 10-day period, Defendants may agree to extend the restraining order for a longer period of time. *Id.* Because Plaintiff has been granted IFP status, he is not required to post a bond with the Court. *See* Fed. R. Civ. P. 65(c). The parties shall appear before the Honorable Paul A. Magnuson, the presiding judge in this matter, on Friday, July 27, 2001, at 9:30 a.m. for preliminary injunction proceedings.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Temporary Restraining Order (Doc. No. 3) is treated as an ex parte motion for temporary restraining order;

2. Plaintiff's Motion for Temporary Restraining Order (Doc. No. 3) is **GRANTED**;

3. Defendants are hereby temporarily restrained from proceeding with the foreclosure sale of Plaintiff's home located at 1710 Fremont Ave N., Minneapolis, Minnesota 55411;

4. This Temporary Restraining Order shall expire 10 days after the date of entry of this Order; and

5. The parties shall appear before the Honorable Paul A. Magnuson on Friday, July 27, 2001, at 9:30 a.m. for preliminary injunction proceedings.

Dated: July 17th, 2001

DONOVAN W. FRANK
Judge of United States District Court