UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joseph Dixon,

Plaintiff,

v.

EquiCredit Corporation and
Bank of America, suing as
Bank of America Illinois TR,

Defendants.

Civil File No. 01-1091 (PAM/SRN)

**ORDER**

---

This case involves Plaintiff Joseph Dixon's pro se suit against Defendants EquiCredit Corporation ("EquiCredit") and Bank of America Illinois TR ("Bank of America") alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 et seq., the Sixth, Thirteenth, and Fourteenth Amendments of the United States Constitution, the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44, and a slew of unidentified statutory sections.[1] Additionally, Mr. Dixon claims that Defendants violated his general civil rights, treated him inhumanely, and discriminated against him. Accordingly, Mr. Dixon seeks damages in excess of $20 million dollars. Although Mr. Dixon's factual and legal claims are nearly indecipherable, it appears that all of his claims arise from a loan

[1] Defendants suggest that these sections may be criminal statutes from a number of states including Arkansas, Arizona, and Connecticut.

FILED JUN 03 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JUN 03 2002
DEPUTY CLERK

for $31,000 that he received from Defendant EquiCredit on June 24, 1994. It is undisputed that Dixon defaulted on that loan.

This matter is before the Court on Defendants' Motion for Summary Judgment and accompanying request for sanctions against Mr. Dixon. After carefully reviewing and considering all the files, records, and proceedings herein, the Court determines that Mr. Dixon's legions of haphazardly captioned claims fail as a matter of law. The Court, therefore, grants Defendants' Motion for Summary Judgment. Additionally, although this Court is exceedingly reluctant to impose sanctions except in the most egregious of circumstances, Mr. Dixon's frivolous and excessive claims have exacted a high financial toll on Defendants in this case. Mr. Dixon is, therefore, ordered to pay $500 to Defendants within the next 60 days to offset the substantial costs of litigating this matter.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Summary Judgment (Clerk Doc. No. 52) is **GRANTED**; and

2. Mr. Dixon is **ORDERED** to pay $500 to Defendants within the next 60 days.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 3, 2002

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995